IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:23-CR-18 (RDA) |
| ) | |
| CASWELL RICHARDS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Caswell Richards's Motion Seeking Appointment of Counsel and Reduction in Sentence (Dkt. 71), Motion to Reduce Sentence (Dkt. 77), and Motion for Leave to File Response (Dkt. 79). The Court previously granted the request for appointment of counsel, and counsel has subsequently filed a brief in this case (Dkt. 79-1). This Court has dispensed with oral argument as it would not aid in the decisional process. This matter has been fully briefed and is now ripe for disposition. Considering the Motions together with the Government's Opposition (Dkt. 80), this Court GRANTS the Motion for Leave to File (Dkt. 79) and DENIES the Motions to Reduce (Dkts. 71, 77) for the reasons that follow.

I.   Background

Defendant is a citizen of Jamaica. Dkt. 60 at 2. From January 2019 to December 2019, Defendant supplied kilograms of cocaine to distributors in the D.C. area. *Id.* ¶¶ 29-30. Defendant and his coconspirators distributed volumes between 15 and 50 kilograms of cocaine, which was essentially one kilogram every week or two. *Id.* ¶¶ 31, 33. On March 15, 2023, Defendant pled guilty to a one-count information charging him with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 52, 53, 54, 55, 56. On June 28, 2023, this Court sentenced Defendant to 72 months of incarceration, to be followed by a five-year term of supervised release. Dkts. 64, 68.

On December 27, 2023, Defendant first filed a motion seeking appointment of counsel and a sentence reduction. Dkt. 71. Defendant argued that the Bureau of Prisons (the "BOP") "erroneously failed to apply FSA time credits towards Mr. Richards' release." Dkt. 72 at 2. Defendant further argues that he has undergone rehabilitation and that he should not have received any criminal history points such that he should have had his offense level reduced by two levels as a zero-point offender. *Id.* The motion was apparently docketed a second time at docket entry 77.

On March 8, 2024, this Court appointed the Office of the Federal Public Defender to represent the Defendant. Dkt. 74.

On January 8, 2025, the Court entered a second order directing the Office of the Federal Public Defender to file something on behalf of Defendant or otherwise indicate that Defendant was not eligible for the relief he sought. Dkt. 76.

On January 26, 2025, the Office of the Federal Public Defender filed a Motion for Leave to file Defendant's response beyond the deadline set by the Court and attached a copy of Defendant's filing. Dkt. 79. In that brief, counsel noted that Defendant is ineligible for a reduction of his sentence pursuant to U.S.S.G. § 1B1.10. Dkt. 79-1. The probation office had previously made a similar recommendation of ineligibility. Dkt. 78. With respect to compassionate release, appointed counsel conceded that the BOP had properly declined to apply First Step Act ("FSA") credits due to the immigration detainer to which Defendant is subject. Dkt. 79-1 at 2 n.1.

On January 28, 2025, the Government filed its Opposition to Defendant's Motions. Dkt. 80. The Government agreed with the probation office's position that Defendant is ineligible for relief pursuant to Amendment 821. *Id.* The Government further argued that Defendant failed to meet his burden with respect to compassionate release. *Id.*

II.     Guideline Amendments

Defendant first contends that he is eligible for a sentence reduction on the basis of Amendment 821. Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing

Guidelines related to a defendant's criminal history. U.S.S.G. amend. 821. As relevant here, Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B.

In this regard, Defendant argues that he should not have been assessed criminal history points for certain dated convictions. Here, a review of the Presentence Investigation Report reveals that Defendant was assessed 3 criminal history points for a 2006 conviction, for which Defendant was sentenced to 57 months of imprisonment, and 2 criminal history points for a 2022 conviction, for which Defendant was sentenced to 8 months of imprisonment, for a total of 5 criminal history points and a criminal history category III. Dkt. 60 ¶¶ 56-59. The earliest relevant conduct for the criminal conviction in this Court was January 2019. Thus, the probation officer applied U.S.S.G. § 4A1.2(e)(1), to apply 3 points for each prior sentence within the past 15 years for which Defendant received a sentence of imprisonment exceeding one year and one month. Using the earliest date of relevant conduct, the 15-year time frame goes to January 2004, and includes Defendant's 2006 conviction. The probation officer then applied U.S.S.G. § 4A1.1(b) and § 4A1.2(e)(2) to add 2 criminal history points for any prior sentence of imprisonment of at least 60 days within the past 10 years. Using the earliest date of relevant conduct, the 10-year time frame goes to January 2009, and includes Defendant's 2022 conviction. Accordingly, the probation officer correctly determined Defendant's criminal history points and category, and Defendant is ineligible for a reduction based on the 821 Amendment. Defendant's Motion will be denied in this regard.

### III. Compassionate Release

The legal standard for evaluating motions for compassionate release is well settled. Simply put, a defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling reasons" warranting a sentence reduction and (2) that analysis of the § 3553(a) factors counsels that a sentence reduction is appropriate as a

matter of judicial discretion. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Sprague*, 838 F. App'x 775, 775–76 (4th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

Defendant argues that he has established extraordinary and compelling circumstances based on: (i) the BOP's refusal to accord him FSA credits; (ii) his rehabilitation; and (iii) the calculation of his criminal history. As the Government correctly argues, none of these factors taken individually or collectively are extraordinary or compelling.

As already discussed *supra*, Defendant's criminal history category was correctly calculated. Thus, there is no disparity between his sentence at the time of sentencing and now, and there are no extraordinary and compelling circumstances that warrant a sentence reduction.

Defendant next argues that the failure to accord him FSA credits due to his immigration detainer is extraordinary. Not so. Courts have recognized that the BOP may exclude inmates with immigration detainers from certain programs. *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999) ("[T]he detainer exclusion is a permissible exercise of the BOP's broad discretion in administering the sentence reduction treatment program."); *Cruz v. United States*, 2012 WL 13071522, at *12 (S.D. Fla. Dec. 20, 2012) ("Courts have routinely upheld the BOP's consideration of ICE detainers in making classification decisions regarding inmates, including such issues as security level and eligibility for prison programs."); *Fernandez-Collado v. I.N.S.*, 644 F. Supp. 741, 744 (D. Conn. 1986) ("Petitioner has neither a legitimate statutory nor constitutional entitlement to those prison programs from which he may be denied access as a result of the detainer."). District judges in this Circuit have also rejected arguments that being unable to participate in First Step Act credits entitles a defendant to a sentence reduction. *See United States v. Castro*, 2022 WL 40842475, at *4 (W.D. Va. Sept. 6, 2022) ("Castro cites to no authority and none was found to support the notion that because he is not entitled to participate in the time credits program his sentence should nonetheless be reduced."). Courts have reached similar decisions with respect to participation in the RDAP program. *See, e.g.*,

*Talero v. O'Brien*, 2012 WL 1697348, at *2 (N.D. W. Va. Apr. 19, 2012).[1]  Even if Defendant should receive FSA credits, Defendant has not established that the failure to apply them here results in extraordinary and compelling circumstances.  There is no information about what Defendant's sentence would be if he did receive FSA credits, and, thus, the Court cannot analyze any potential disparity and determine whether it is extraordinary or whether it would justify the reduction that Defendant seeks.  Additionally, district judges in this District have recognized that, where a Defendant will be brought into ICE custody upon release, any potential release from a reduction in the defendant's sentence is futile rather than compassionate.  *See United States v. Sydykov*, No. 18-cr-212, Order at 3 (Dkt. 103) (E.D. Va. Aug. 21, 2020); *United States v. Saravia*, 2024 WL 4845972, at *3 (E.D. Va. Nov. 20, 2024) (same).

Finally, Defendant argues that his rehabilitation is extraordinary.  He asserts that he has enrolled in classes and strived towards self-improvement.  Dkt. 72.  However, "rehabilitation alone is not a ground for release or a sentence reduction."  28 U.S.C. § 994(t).  Although Defendant's rehabilitation is to be encouraged, rehabilitation alone is not sufficient to establish extraordinary and compelling circumstances, and, in any event, Defendant does not indicate that anything about his rehabilitation is extraordinary.

In short, Defendant has failed to establish that any of the facts on which he relies taken separately or collectively establish extraordinary and compelling circumstances.  Thus, his Motion will be denied.

---

[1] Defendant cites to *United States v. Khan*, 2023 WL 2911021 (S.D.N.Y. Apr. 11, 2023), as supporting that the denial of FSA credits can be extraordinary and compelling.  Not so.  In *Khan*, the Court relied on the defendant's medical circumstances to establish an extraordinary and compelling basis on which to reduce the defendant's sentence.  *Id.* at *3.  Although the district judge noted that Defendant would not receive FSA credits, it was not the basis for the reduction.  Additionally, in that case, the total reduction to the defendant's sentence was 5 months – far less than Defendant here seeks.

### C. Section 3553(a) Factors

Even assuming *arguendo* that Defendant has established extraordinary and compelling circumstances, that does not end the analysis. Defendant must also establish that the Section 3553(a) factors support a sentence reduction; here, they do not. Defendant does not address the Section 3553(a) factors at all. As an initial matter, the Court notes that Defendant already received a variance sentence; the guideline range here was 87-108 months and Defendant received a sentence of 72 months. Dkt. 72. Moreover, Defendant committed a serious offense involving the release of large quantities of drugs into the community. The Court finds that a sentence reduction would not adequately reflect the nature and circumstances of the offense, the need to reflect the seriousness of the offense, the need to promote respect for the law, the need to afford adequate deterrence, or the need to avoid unwarranted sentencing disparities. Accordingly, the Section 3553(a) factors do not support a sentence reduction.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED that the Motion for Leave (Dkt. 79) is GRANTED; and it is

FURTHER ORDERED that the Motions to Reduce (Dkts. 71, 77) are DENIED.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk of this Court within fourteen (14) days of receipt of this Memorandum Opinion and Order. Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk of the Court is directed to forward a copy of this Memorandum Opinion and Order to Defendant at his last address of record and to the government.

It is SO ORDERED.

Alexandria, Virginia
December 17, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge